UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELIA TATE                                              CIVIL ACTION


VERSUS                                                   NO. 11-1212


LOUISIANA DEPARTMENT OF                                  SECTION "H" (3)
TRANSPORTATION AND DEVELOPMENT


ORDER AND REASONS

The matter before the Court is Plaintiff Shelia Tate's Motion to Reconsider.  (Doc. 75.)  For the following reasons, Plaintiff's Motion is hereby **DENIED**.


BACKGROUND

Plaintiff began her employment with the Louisiana Department of Transportation and Development ("DOTD") in February of 1993 and was promoted to a supervisor in August of 2007. Currently Plaintiff is still a supervisor at DOTD and supervises a staff of 17.

On September 2, 2011 DOTD filed a Motion for More Definite Statement or Alternatively

Motion to Dismiss Pursuant to 12(b)(5) and 12(b)(6).  (Doc. 21.)  Plaintiff opposed (Doc. 35 and Doc. 37) and DOTD replied (Doc. 48).  Plaintiff also filed a First Amended Complaint on September 13, 2011 (Doc. 29) and a Second Amended Complaint on October 21, 2011 (Doc. 45).  On November 1, 2011 DOTD filed a Motion to Dismiss.  (Doc. 49.)  Plaintiff opposed (Doc. 50) and DOTD replied (Doc. 63).  Subsequently Plaintiff filed a Third Amended Complaint on December 7, 2011.  (Doc. 66.)

On March 20, 2012 the Court held a Hearing on DOTD's two pending Motions.  The Court orally granted DOTD's Motions to Dismiss and read reasons into the record.  (Doc. 74.)  Specifically, the Court held that the claims against the individual defendants under Title VII and the claim against DOTD under Title VII were dismissed with prejudice. (*Id.*)  The Court further held that Plaintiff's claims for intentional infliction of emotional distress and conspiracy to commit intentional infliction of emotional were dismissed without prejudice and granted the Plaintiff twenty days to amend her Complaint.  (*Id.*)

On April 8, 2012 Plaintiff filed a Motion for Reconsideration.  (Doc. 75.)  DOTD opposed the Motion.  (Doc. 84.)  Plaintiff also filed a Fourth Amended Complaint on April 10, 2012.  (Doc. 80.)

**LAW AND DISCUSSION**

There is no motion for "reconsideration" in the Federal Rules of Civil Procedure.  *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000)(*referencing Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998)).  A motion for reconsideration filed within 28 days of the district court's judgment, however, is construed as a Rule 59(e) motion.  *Id.*  Plaintiff's motion was filed on April 8, 2012, within 28 days of this Court's order.  Therefore, it will be construed as

a Rule 59(e) Motion.

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004)(*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Instead, Rule 59(e) serves the purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, No. 09-7651, 2010 WL 5057413, at *1 (E.D. La. Dec. 2 2010). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(*quoting Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004)).

In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 *(citing Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E. D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D.La. Oct.6, 2010). While the district courts do have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995), denial of Rule 59(e) motions to alter or amend is favored. *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff contends that the Court erroneously dismissed the individual defendants (Doc. 75-1, ¶1-2), the Title VII and retaliation claims against DOTD (Id., ¶3) and Plaintiff's intentional

infliction of emotional distress ("IIED") claims (Id., ¶4).  Moreover, the Plaintiff asserts that the Court's decision did not address Plaintiff's claims under 42 U.S.C. 1981, 1983, 1985 and the 5th or 14th Amendments to the Constitution.  (Id., ¶5.)  In support for her contentions, Plaintiff merely recites the allegations in her Original, First, Second and Third Supplemental Complaints and offers no new reason or argument.  This Court does not agree with Plaintiff's assertions in her Motion to Reconsider.

As stated in the Court's oral reasons on March 20, 2012, the law is well settled in the Fifth Circuit that employees cannot be sued in their individual capacities under Title VII.  *Indest v. Freeman Decorating, Inc.*, No. 95-16, 1995 WL 366484, *1(E. D. La., 1995)(*citing Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994).  Additionally, a suit against both a supervisor in his official capacity and against the employer cannot be maintained because effectively the employer could be held liable twice.  *Allen v. Tulane University*, No. 92-4070, 1993 WL 45949, *3 -4 (E. D. La.,1993).  Finally, the Plaintiff has not alleged that she was discharged or suffered an adverse employment action.  This element is required to prove a prima facie case of discrimination and retaliation under Title VII - the only two Title VII claims the Plaintiff named in her first four Complaints.  *See McCoy v. City of Shreveport*, 492 F.3d 551, 556-557 (5th Cir. 2007). As noted earlier, a Rule 59(e) motion is not a vehicle for rehashing issues decided to a party's dissatisfaction. The Court finds no manifest error in its previous conclusion and finds no merit in these arguments by Plaintiff.

Furthermore, this Court dismissed plaintiff's IIED claims and conspiracy to commit IIED claims without prejudice granting her twenty days to amend.  Plaintiff has amended her Complaint. Thus, these contentions are without merit.

Finally, Plaintiff notes that the Court's decision did not address Plaintiff's 42 U.S.C. 1981, 1983, 1985 and the 5th or 14th Amendments to the Constitution claims. (Id., ¶5.) These claims were not addressed in DOTD's Motions to Dismiss, therefore they were not before the Court to rule upon.

In conclusion, the Court finds no manifest error in its previous conclusion and denies Plaintiff's Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons Plaintiff Shelia Tate's Motion to Reconsider (Doc. 75) is hereby **DENIED**.

New Orleans, Louisiana on this 4th day of May, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**